Cadmus v. Central Railroad Co.

VREDENBURGH, J., concurred.

VAN DYKE, J., dissented.

CITED in *Browning's Executor* v. *Rittenhouse*, 11 *Vroom* 234.

---

## RICHARD CADMUS v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

When, in the assessment of damages for lands taken for the purpose of a railroad, it appears to the court that injustice has been done through some mistake or misapprehension of the jury, the verdict should be set aside.

On motion to set aside verdict.

The material facts are set forth in the opinion given below.

For the motion, *Attorney General* and *B. Williamson.*

Contra, *A. O. Zabriskie.*

The opinion of the court was delivered by

VAN DYKE, J. The defendants, in extending their road, have taken between three and four acres of the plaintiff's land, lying between Newark and New York bays. The parties being unable to agree as to the value of the lands taken and the damages done, commissioners were appointed pursuant to the statute, to assess the value of the lands and the damages. They made their assessment and report at the sum of $7208.80; but the plaintiff being dissatisfied with the award, obtained permission to have the matters involved tried before the Circuit Court of the county of Hudson. The jury in the case rendered a verdict for $14,800.

Motion is now made to set this verdict aside, and among the reasons assigned in favor of this motion is the one, that the jury has awarded damages for the expense of constructing and keeping in repair the bridges, necessary to enable the plaintiff to cross this road from one part of his lands to the other.

It does not very clearly appear whether the jury added this expense to their verdict or not. If they did so, it was unquestionably wrong, for this expense the company, by the express terms of their charter, are obliged to incur over and above the value of the land taken and the damages done by the road, and it, therefore, should not be included in the verdict. Evidence seems to have been offered and received as to the expense of erecting these bridges. What its object could have been, except to increase the damages, does not appear. The presumption is that it was offered for that purpose, and, as it was received, the presumption is, I think,

that the verdict was affected by it.   This presumption receives confirmation also from the fact that the verdict is more than twice as large as the award of the commissioners—increasing the apprehension that injustice has been done in this respect.

It is also urged that the damages are excessive.   The case was so badly made out, that it is not easy to reach a very certain conclusion by an examination of the evidence, but there are a few prominent features about the case by which I think we should be controlled.

As before remarked, the damages found by the verdict are more than double those awarded by the commissioners, and for that reason seem to have been rendered excessive by the application of some principle, the correctness of which is not very manifest.

The land taken is part of a farm of 140 acres, and seems to have been valued at about $2500 per acre, and the damages done to the adjacent lands placed at $6850.

These estimates are not larger than those placed on the lands and damages by a number of witnesses, but then a number of other witnesses say the lands, &c., are worth more with the advantages of the road than without it.

But without attempting to weigh very particularly those conflicting opinions, and being unable to discover from the confused manner in which the case is made out, we cannot well ascertain how the finding of the jury compares with the *bona fide* sales of other similar property in the vicinity. But it is a prominent feature in the case, that while these lands have long been lying with all the advantages which they now possess to speculators and seekers after attractive building lots, laid out into streets and avenues, and in the market for those who would pay enough for them, yet it does not appear that the plaintiff was ever offered over $1000 per acre for them or for any part thereof, either in the interior or on the water fronts.

When, therefore, three acres of these lands are taken from the interior, without any water front, and valued at $2500,

per acre, it seems to be putting a price on them much higher than anyone else has been willing to give.

Nor is it easy to perceive how the jury could have properly assessed the damages to the adjoining lands of $6850. The length of fence on both sides is about 1600 feet, or about one hundred and sixty panels of ordinary fence. The road runs, on an average, about 600 feet from the New York shore, which leaves the land between it and the shore, for all water purposes especially, unimpaired, and we are at a loss to see how the damages done to them, if the expense of the bridges were not included, could have been $6850.

We think, therefore, that injustice has been done through some mistake or misapprehension of the jury, and that the verdict should be set aside.

Verdict set aside.